# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| United States of America<br>v.<br>CHARLES HOWARD<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)      20-MJ- 7124<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __6/30/2020__ in the county of __Champaign__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of a minor |

This criminal complaint is based on these facts:

See attached affidavit of Special Agent Trevor Waite, HSI

☑ Continued on the attached sheet.

s/ T. Waite
_____
*Complainant's signature*

Special Agent Trevor Waite, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

s/ Eric I. Long
_____
*Judge's signature*

Date: 09/10/2020

City and state: Monticello, Illinois

Eric I. Long, Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Trevor Waite, being duly sworn on oath, depose and state as follows:

1. I am a Special Agent (SA) with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to the Resident Agent in Charge (RAC) in Springfield, Illinois. I have been employed as a Special Agent since December of 2009. As part of my duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation at the Federal Law Enforcement Training Center, in Glynco, Georgia, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media including that of computer media. Prior to becoming a SA with ICE, I was a Police Officer with the New York State University Police Department – Oswego. As a portion of my training to become a certified Police Officer in New York State, I graduated from the Central New York Police Academy, in Syracuse, New York, where a portion of the academy curriculum was on child pornography and child exploitation. Prior to becoming a Police Officer, I earned a Bachelor of Arts in History degree, with a Minor in Criminal Justice, from the State University of New York at Potsdam in December of 2007.

2. This affidavit is made in support of a criminal complaint charging Charles Howard, a thirty-eight year old male, with the offense of Sexual exploitation of children,

a violation of 18 U.S.C. Section 2251(a). A warrant for the arrest of the defendant is requested.

3. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 2251(a) have been committed and that Charles Howard committed said violations.

## RELEVANT STATUTES

4. This investigation concerns alleged violations of the following statutes:

**Sexual Exploitation of a Child:** Title 18, United States Code, Sections 2251(a) and (e) prohibit any person from knowingly employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

5. On July 1, 2020, the Champaign (IL) Police Department (CPD) took a report regarding the sexual assault of a minor (hereinafter referred to as Jane Doe 1). The person reporting, S.H., is the mother of Jane Doe 1, a sixteen year old female, and is well familiar

2

with Charles Howard for the last five years. S.H. indicated on the day prior, June 30, 2020, at approximately 1700 hours, her younger daughter, Jane Doe 2, told S.H. that she had overheard Charles Howard having sexual intercourse with Jane Doe 1 in a room in Howard's residence, in the City of Champaign, in the Central District of Illinois.

7. On the same date, Jane Doe 2, spoke with a Forensic Interviewer at the Child Advocacy Center, Champaign, Illinois. During the interview, Jane Doe 2 disclosed that she observed Howard and Jane Doe 1 facing one another with their clothes off and their body parts together. Jane Doe 2 used diagrams to detail the vagina, breasts and lips of Jane Doe 1 were touching the penis, buttocks, and lips of Howard.

8. Jane Doe 1 spoke with a Forensic Interviewer at the Child Advocacy Center but abruptly ended the interview. Jane Doe 1 then spoke to CPD Detective Kaitlin Fisher and admitted that she and Howard engaged in sexual intercourse on June 30, 2020. Jane Doe 1 further admitted that Howard and Jane Doe 1 had engaged in sexual intercourse multiple times over approximately the last year. Jane Doe 1 indicated on June 30, 2020, Howard had ejaculated in her mouth and on the floor. Jane Doe 1 stated she was wearing blue camo shorts and a purple shirt at the time of the incident. Detective Fisher told Jane Doe 1 she had reason to believe there may be a video or photographs of Jane Doe 1 and Howard engaging in sexual activity on Jane Doe 1's cell phone and requested Jane Doe 1's consent to forensically examine Jane Doe 1's cell phone. Jane Doe 1 agreed to give consent for a forensic exam of her cell phone and provided the PIN code for the cell phone. Jane Doe 1 indicated she believed there were pictures of her and Howard on the

3

phone and possibly a video. Jane Doe 1 indicated she had previously tried to get out of the situation with Howard, but Howard would threaten her.

9. On July 2, 2020, Howard was located by CPD officers, was taken into custody, and transported to CPD for an interview. Howard indicated he wanted his cell phone, a black Samsung cell phone with a black and blue phone case, which was located in his vehicle. Howard's cell phone was retrieved from his vehicle and placed in the breast pocket of his shirt. At the police department Detective Fisher seized Howard's cell phone for evidentiary purposes and secured the cell phone in evidence.

10. Detective Fisher advised Howard of his rights, per Miranda, and Charles stated he understood his rights. During interview, Charles indicated he knew the allegation that had been made was that he was having sex with Jane Doe 1. Howard admitted that he is a registered Sex Offender.[1] Howard indicated if officers spoke to Jane Doe 1 she would say that nothing had occurred between Howard and Jane Doe 1. When advised that Jane Doe 1 had, in fact, told police something had happened between Jane Doe 1 and Howard, Howard became upset and terminated the interview.

11. On July 28, 2020, Sixth Judicial Circuit Court Judge Roger Webber authorized the search of Charles' cell phone. This device was further identified as a Samsung Galaxy A20, IMEI 354048110123867, a mobile communication device manufactured in Vietnam. CPD Officer David Monahan found the device was locked with a PIN code and as a result Officer Monahan was unable to extract data from the

---

[1] Charles Howard has two prior sex offense convictions both for Criminal Sexual Abuse. Champaign County Case No. 01CM 356 and Champaign County Case No. 00CM321.

4

device. Officer Monahan contacted your affiant to request assistance from an HSI Computer Forensics Agent (CFA).

12. On July 29, 2020, your affiant took possession of Charles' cell phone. Your affiant shipped the cell phone to HSI Chicago SA/CFA Anthony Conforti in an attempt to extract data from the device pursuant to the issued State of Illinois Search Warrant. SA/CFA Conforti was able to obtain two (2) File System extractions from Charles' cell phone. Charles' cell phone and an external hard drive containing the two File System extractions were shipped back to your affiant who then returned both items to CPD on August 20, 2020.

13. Officer Monahan conducted the forensic analysis of the extractions provided by SA/CFA Conforti. During his examination of the extractions, Officer Monahan located over thirty (30) images which appeared to be Jane Doe 1 naked. Officer Monahan found in a number of the images Jane Doe 1's face and breasts were visible. Officer Monahan found other photographs showing a female's vagina and buttocks but not the female's face. Officer Monahan found many of the images within this latter set have similar lighting and skin tone to the former set in which Jane Doe 1's face and breasts are visible. In one of the aforementioned photos a female, that appears to be Jane Doe 1, is performing oral sex on a male, whose face is not seen in the photograph.

14. After Officer Monahan observed what appeared to be child pornography Officer Monahan advised Detective Fisher on his findings. On August 26, 2020, Sixth Judicial Circuit Court Judge Jason Bohm authorized an additional search of Howard's cell phone, expanding the scope of the search to include Child Pornography materials.

5

15. During the subsequent examination of Howard's cell phone, Officer Monahan located a file named "-39058043003204175422" in the phones trash. This file was originally named "20200630_153955.mp4." Officer Monahan found this file was a video with a created date/time of 06/30/2020 3:39:55 P.M. The video begins with Charles Howard and Jane Doe 1 in the frame. Howard is wearing a blue shirt and is leaning over near the camera. Jane Doe 1 is on her back, laying on the bed, with her shorts and underwear removed from one (1) leg and pulled up near her right knee. Jane Doe 1's knees are pulled up near her torso, exposing her vagina and anus to the camera. Howard walks to the foot of the bed and digitally penetrates Jane Doe 1's vagina. Howard then appears to place his hands underneath Jane Doe 1's knees and pull her towards him. Howard's hips begin moving back and forth while he stands between Jane Doe 1's legs. After several seconds, Howard looks back towards the camera, reaches out with his left hand, and appears to take hold of the camera. The lens is temporarily obscured until Howard's face appears. Howard then orients the camera to point downward toward the bed showing Howard's penis penetrating Jane Doe 1's vagina. In the last moments of the video, the camera moves upwards and again captures Howard's face before the recording ends. Officer Monahan found this file had a deleted date/time of 06/30/2020 6:59:45 P.M.

16. On August 27, 2020, your affiant met with Detective Fisher and Officer Monahan to review the aforementioned video. Agents selected a frame of the video that showed both individuals involved. Officer Monahan captured a still image of that frame and sanitized the photo by placing a black box over the exposed genitals in the still image.

17. At approximately 1030 hours, your affiant and Detective Fisher met with S.H. outside the Champaign Police Department. Detective Fisher asked if S.H. would be willing to look at the aforementioned still image and identify individuals in the still image. S.H. agreed to view the still image and subsequently identified the individuals in the image as Charles Howard, and her daughter, Jane Doe 1.

FURTHER AFFIANT SAYETH NOT

s/ T. Waite
_____

Trevor S. Waite
Special Agent,
Department of Homeland Security
U.S. Immigration and Customs Enforcement
Homeland Security Investigations

Attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by electronic mail and telephone on September 10, 2020:

s/ Eric I. Long
_____
HONORABLE ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE